ORIGINAL

# In the United States Court of Federal Claims

No. 14-425 C
Filed: December 29, 2014
NOT FOR PUBLICATION

FILED
DEC 29 2014
U.S. COURT OF
FEDERAL CLAIMS

*************************************
GEORGE WASHINGTON PENSON, III,

Plaintiff, *pro se*,

v.

THE UNITED STATES,

Defendant.
*************************************

**George W. Penson, III**, *pro se*.

**Joshua A. Mandlebaum**, United States Department of Justice, Civil Division, Washington, D.C., Counsel for the Government.

**MEMORANDUM OPINION AND FINAL ORDER**

**BRADEN**, *Judge*.

## I. RELEVANT FACTUAL BACKGROUND.[1]

On April 1, 2004, George Washington Penson III ("Plaintiff") was sentenced to 310 months' imprisonment by the United States District Court for the Northern District of Ohio following his conviction on three counts of bank robbery. *See United States v. Penson*, 526 F.3d 331, 333–34 (6th Cir. 2008); *see also* Compl. App. at 45–48; Gov't Mot. at 2; Gov't Mot. App'x at 1.[2] Plaintiff was convicted in the United States District Court for the Western District of

[1] The relevant facts discussed herein were derived from: Plaintiff's May 16, 2014 Complaint ("Compl.") and Appendix attached thereto ("Compl. App'x"); the Government's July 14, 2014 Motion to Dismiss ("Gov't Mot.") and Appendix attached thereto ("Gov't Mot. App'x"); Plaintiff's August 20, 2014 Response ("Pl. Resp."); and the Government's September 2, 2014 Reply ("Gov't Reply").

[2] Because the May 16, 2014 Complaint provides paragraph numbers only in part, all citations are to page numbers.

Pennsylvania for an additional bank robbery offense, and on May 19, 2004, sentenced to a period of imprisonment to run concurrently with the term imposed by the District Court for the Northern District of Ohio. Compl. App'x at 38–44.

On December 30, 2011, Plaintiff allegedly entered into a financial agreement with "GEORGE WASHINGTON PENSON, III, an Ens Legis Trust," by which Plaintiff exercises a one hundred billion dollar lien over the corporation. Compl. App'x at 49–51.

The Complaint alleges that "Plaintiff has accepted for value the United States charges in accordance with Public Policy H[ouse] J[oint] R[esolution] – 192 of June 5, 1933 [the abolition of the Gold Standard] . . . and discharged the debt that was claimed by the United States and [its] agents . . . in the amount of . . . fifty billion U.S. Dollars . . . [in] September 2012." Compl. at 2. The Complaint further alleges that:

> The United States and [its] agents have stolen my credits . . . [from] my exemption account. Have commit[t]ed electronic transfer funds fraud. Have violated the 5th Amendment to the Constitution by depriving the Plaintiff of property without just compensation, and liberty. Have committed forgery. Trespass and [perjury], false arrest with no jurisdiction over the person or the subject matter, illegally [t]respassing on private property and forcing Plaintiff into a state created office as a "person" charging Plaintiff's corporate Ens-Legus entity with bogus commercial charges and depositing checks on a closed account. Refusing to file the I.R.S. 1099 OID tax form. That the agents of the United States Judges and Prosecutors, did impersonate a public official, where not registered with the Secretary of the State of Ohio to conduct business in the State of Ohio, and they failed to be bonded, and failed to identify and register as a foreign agent in the commercial registry with the State of Ohio.

Compl. at 2–3.

The Complaint further alleges that the Unites States and "its agents," comprising multiple named individuals, have injured Plaintiff "by not releasing his body from the unlawful detention and imprisonment after the discharge [of the debt] was accepted by the United States." Compl. at 3.

## II. PROCEDURAL HISTORY.

On May 16, 2014, Plaintiff filed a Complaint in the United States Court of Federal Claims. Plaintiff asserts that he acts on his own behalf, as well as on behalf of "GEORGE WASHINGTON PENSON, III," which is "a[n] unincorporated corporation legal entity termed Ens-Legus Trust" ("the corporate entity"). Compl. at 2. The Complaint lists as defendants the United States, Eric Holder, J. L. Norwood, J. E. Thomas, Donald C. Nugent, Gregory A. White, and James H. Love. Plaintiff seeks "judgment against the United States in the sum of [f]ifty [b]illion dollars in gold, and his release from prison." Compl. at 4. Plaintiff appends to his Complaint a "Memorandum of Law" that sets forth legal authorities predominantly relating to federal court jurisdiction. Compl. App'x at 5–23. In addition, Plaintiff appends sections of the

Congressional Record and correspondence between various public administrators concerning the enactment of Title 18 and 21 of the United States Code. Compl. App'x at 24–37.

On May 16, 2014, Plaintiff also filed an Application To Proceed *In Forma Pauperis* that the court granted on May 28, 2014, subject to periodic assessment of Plaintiff's prison trust fund account.

On July 14, 2014, the Government filed a Motion To Dismiss ("Gov't Mot."), arguing that the court does not have subject matter jurisdiction over the Complaint, pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC"). On August 20, 2014, Plaintiff filed a Response ("Pl. Resp."). On September 2, 2014 the Government filed a Reply ("Gov't Reply").

On November 25, 2014, Plaintiff sought an additional Motion In Objection To Defendant's Motion To Dismiss. On December 2, 2014, the court directed the Clerk of the Court to return Plaintiff's November 25, 2014 Motion under RCFC 7.2(b), because Plaintiff had already filed a Response to the Government's Motion To Dismiss Complaint.

## III. DISCUSSION.

### A. Jurisdiction.

The United States Court of Federal Claims has jurisdiction under the Tucker Act, 28 U.S.C. § 1491, "to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). The Tucker Act, however, is "a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages . . . . [T]he Act merely confers jurisdiction upon [the United States Court of Federal Claims] whenever the substantive right exists." *United States v. Testan*, 424 U.S. 392, 398 (1976).

To pursue a substantive right under the Tucker Act, a plaintiff must identify and plead an independent contractual relationship, Constitutional provision, federal statute, and/or executive agency regulation that provides a substantive right to money damages. *See Todd v. United States*, 386 F.3d 1091, 1094 (Fed. Cir. 2004) ("[J]urisdiction under the Tucker Act requires the litigant to identify a substantive right for money damages against the United States separate from the Tucker Act[.]"); *see also Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc*) ("The Tucker Act . . . does not create a substantive cause of action; . . . a plaintiff must identify a separate source of substantive law that creates the right to money damages. . . . [T]hat source must be 'money-mandating.'"). Specifically, a plaintiff must demonstrate that the source of substantive law upon which he relies "can fairly be interpreted as mandating compensation by the Federal Government[.]" *Testan*, 424 U.S. at 400. And, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. *See Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 748 (Fed. Cir. 1988) ("[O]nce the [trial] court's subject matter jurisdiction [is] put in question . . . . [the plaintiff] bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence.").

**B. Standard Of Review For Pro Se Litigants.**

The pleadings of a pro se plaintiff are held to a less stringent standard than those of litigants represented by counsel. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (holding that pro se complaints, "however inartfully pleaded," are held to "less stringent standards than formal pleadings drafted by lawyers"). It has been the tradition of this court to examine the record "to see if [a pro se] plaintiff has a cause of action somewhere displayed." *Ruderer v. United States*, 412 F.2d 1285, 1292 (Ct. Cl. 1969). Nevertheless, while the court may excuse ambiguities in a pro se plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Henke v. United States*, 60 F.3d 795, 799 (Fed. Cir. 1995).

**C. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(1).**

A challenge to the United States Court of Federal Claims' "general power to adjudicate in specific areas of substantive law . . . is properly raised by a [Rule] 12(b)(1) motion." *Palmer v. United States*, 168 F.3d 1310, 1313 (Fed. Cir. 1999); *see also* RCFC 12(b)(1) (allowing a party to assert, by motion, "lack of subject-matter jurisdiction"). When considering whether to dismiss an action for lack of subject matter jurisdiction, the court is "obligated to assume all factual allegations [of the complaint] to be true and to draw all reasonable inferences in plaintiff's favor." *Henke*, 60 F.3d at 797.

**D. Standard Of Review For A Motion To Dismiss Pursuant To RCFC 12(b)(6).**

A challenge to the United States Court of Federal Claims' "[ability] to exercise its general power with regard to the facts peculiar to the specific claim . . . . is raised by a [Rule] 12(b)(6) motion[.]" *Palmer*, 168 F.3d at 1313; *see also* RCFC 12(b)(6) (allowing a party to assert, by motion, "failure to state a claim upon which relief can be granted"). When considering whether to dismiss an action for failure to state a claim, the court must assess whether the complaint "allege[s] facts 'plausibly suggesting (not merely consistent with)' a showing of entitlement to relief." *Bank of Guam v. United States*, 578 F.3d 1318, 1326 (Fed. Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss."). In other words, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In determining factual plausibility, the court engages in "context-specific task" that draws upon "its judicial experience and common sense." *Iqbal*, 550 U.S. at 679.

As a general matter, the court reviews the facts in a favorable light to the plaintiff. *See Bank of Guam*, 578 F.3d at 1326. Nevertheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555 (internal citations omitted). *But see Iqbal*, 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). Thereafter, "if it appears 'beyond doubt that [plaintiff] can prove no set of facts in support of [its] claim which would entitle [it] to relief[,]'" then this court should dismiss the action. *Davis v. Monroe Cnty. Bd. of Educ.*, 526 U.S. 629, 654 (1999) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957)).

**E. The Government's Motion To Dismiss.**

**1. The Government's July 14, 2014 Motion To Dismiss.**

The Government argues that the court does not have the jurisdiction to adjudicate the claims of the "'unincorporated corporation legal entity termed ENS – LEGUS TRUST' named 'GEORGE WASHINGTON PENSON III' and owned by Mr. Penson . . . because *pro se* litigants cannot represent the corporations that they own." Gov't Mot. at 4. In addition, Plaintiff's claims against the private citizens should be dismissed, because the court "lacks jurisdiction to entertain claims against parties other than the United States." Gov't Mot. at 5.

To the extent that the Complaint alleges a violation of Plaintiff's Civil Rights, pursuant to 42 U.S.C. § 1983[3] or 42 U.S.C. §§ 2000e *et seq.* (Title VII of the Civil Rights Act of 1964), the Government argues that the Complaint should be dismissed, because United States district courts have exclusive jurisdiction over civil rights claims. Gov't Mot. at 6 (citing 28 U.S.C. § 1343(a)(4)[4] and 42 U.S.C. § 2000e-5(f)(3)[5]). With respect to Plaintiff's allegations of unjust imprisonment, the United States Court of Federal Claims does not have the jurisdiction to review the decisions of United States district courts. Gov't Mot. at 7. The Government also argues that the court does not have the jurisdiction to award punitive damages, pursuant to 28 U.S.C. § 2674.[6] Gov't Mot. at 6–7.

Moreover, the Government asserts that the Complaint should be dismissed under RCFC 12(b)(6) for failure to state a claim upon which relief can be granted. Gov't Mot. at 7–8. The Government contends that the Complaint only states "vague allegations of wrongdoing" and that "[e]ven construed liberally, it is not clear from the complaint who committed these alleged acts,

---

[3] 42 U.S.C. § 1983 states, in relevant part:

> Every person who . . . subjects, or cause to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42. U.S.C. § 1983.

[4] "The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person: . . . . To recover damages or to secure equitable or other relief under any Act of Congress providing for the protection of civil rights[.]" 28 U.S.C. § 1343(a)(4).

[5] 42 U.S.C. § 2000e-5(f)(3) limits Title VII jurisdiction to the United States district courts and United States courts of a place subject to the jurisdiction of the United States over civil actions.

[6] The United States "shall not be liable for interest prior to judgment or for punitive damages" in tort actions. 28 U.S.C. § 2674.

when [they] happened, how [they] relate to each other, or how [they] relate to any claim against the United States." Gov't Mot. at 7–8.

### 2. Plaintiff's August 20, 2014 Response.

Regarding the Government's objections to the corporate entity being represented by its owner acting *pro se*, Plaintiff asserts the "this court can only interact with straw-men. They cannot deal with private human beings. So if my straw-man complains about a[n] unjust[ice] done to it, then I have complained as well. Without me the man, the straw-man can't speak." Pl. Resp. 1.

Plaintiff argues that he was wrongfully imprisoned, because the United States "came at the plaintiff with a claim first and without jurisdiction over the [l]ocus [q]uo, jurisdiction over the subject-matter and failed to establish Federal interstate commerce . . . causing plaintiff's imprisonment to be false." Pl. Resp. at 1–2. He further requests the court to permit him "to supplement his complaint with the Tucker Act." Pl. Resp. 2.

Plaintiff argues that "my discharge was accepted by the [United States] Treasury, as well as the [United States] Justice [D]epartment. I have done the administrative procedures and put the United States in default. It is my understanding that all courts since 1994 are under NWO, new world order (HR 3474) and are administrative law courts." Pl. Resp. 2. Plaintiff asks the court to "execute the contract bond agreement and honor [his] discharge of the duties, obligations and responsibility of [him], the Trustee of the will of God." Pl. Resp. 3.

### 3. The Government's September 2, 2014 Reply.

The Government's Reply asserts that the court may adjudicate claims brought by private individuals under RCFC 83.1(a)(3).[7] Gov't Reply at 1. Moreover, the Government argues that "[e]ven upon a liberal reading of the complaint, Mr. Penson has not alleged facts sufficient to establish any of [the four] elements" of an express or implied-in-fact contract. Gov't Reply at 2. Plaintiff also failed to articulate a money-mandating basis for jurisdiction and failed to provide allegations that raise a right to relief above the speculative level. Gov't Reply at 4.

### 4. The Court's Resolution.

The court is cognizant of its obligation to liberally construe *pro se* plaintiffs' pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (holding that the "pro se document is to be liberally construed"). But, *pro se* plaintiffs must still "comply with the applicable rules of procedural and substantive law." *Walsh v. United States*, 3 Cl. Ct. 539, 541 (1983). The court cannot simply excuse a complaint's failures. *See Henke*, 60 F.3d at 799.

As a threshold matter, the court does not have jurisdiction to adjudicate claims against private individuals, *e.g.*, Eric Holder, J. L. Norwood, J. E. Thomas, Donald C. Nugent, Gregory

[7] RCFC 83.1(a)(3) states: "An individual who is not an attorney may represent oneself or a member of one's immediate family, but may not represent a corporation, an entity, or any other person in any proceeding before this court."

A. White, and James H. Love. Pursuant to the Tucker Act, the United States Court of Federal Claims has jurisdiction to adjudicate only a claim against the United States. 28 U.S.C. § 1491(a)(1). Because the Complaint does not alleged a claim against the United States, but rather against private individuals, the court does not have subject matter jurisdiction. *See United States v. Sherwood*, 312 U.S. 584, 588 (1941) (holding that a suit "could not have been maintained in the Court of Claims because that court is without jurisdiction of any suit brought against private parties").

Likewise, Plaintiff's reliance on *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) is misplaced, because nothing in that opinion imparts jurisdiction on the United States Court of Federal Claims. *Bivens* concerned a tortious violation of the Fourth Amendment; it does not supplant the jurisdictional limitations imposed on the United States Court of Federal Claims by the Tucker Act that preclude any action sounding in tort. *See* 28 U.S.C. § 1491(a)(1) (stating that the United States Court of Federal Claims has jurisdiction "to render judgment upon any claim against the United States . . . for liquidated or unliquidated damages in cases not sounding in tort"); *see also Sherwood*, 312 U.S. at 588 (stating that "[e]xcept as Congress has consented there is no jurisdiction in the Court of Claims more than in any other court to entertain suits against the United States").

As for the allegations attributed to a corporate entity, RCFC 83.1(a)(3) precludes Plaintiff, a *pro se* litigant, from representing anyone but himself or a member of his immediate family in a claim before the court. *See* RCFC 83.1(a)(3); *see also Talasila, Inc. v. United States*, 240 F.3d 1064, 1067 (Fed. Cir. 2001) (determining that the rule against *pro se* representation of corporations "is clear and unqualified, and the plain language of the rule does not contemplate exceptions").

In addition, to the extent that the May 16, 2014 Complaint alleges breaches of Plaintiff's civil rights under 42 U.S.C. § 2000e, the United States Court of Federal Claims does not have jurisdiction to adjudicate these claims. Instead, the United States district courts have exclusive jurisdiction over such causes of action, pursuant to 42 U.S.C. § 2000e-5(f)(3). 42 U.S.C. § 2000e-5(f)(3) ("Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter."). Likewise, the Complaint alleges breaches of Plaintiff's civil rights, pursuant to 42 U.S.C. § 1983. Again, exclusive jurisdiction over those allegations rests with the United States district court, not the United States Court of Federal Claims. *See* 42 U.S.C. § 1988 (conferring jurisdiction in civil rights matters upon the United States district courts).

Furthermore, the references to imprisonment in Plaintiff's May 16, 2014 Complaint and August 20, 2014 Response appear to stem from four bank robbery convictions, rather than from the alleged debt. *See* 28 U.S.C. § 1495 ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."). To the extent that the Complaint alleges an unjust conviction, that is a matter that must be appealed to the relevant United States Court of Appeals that has plenary jurisdiction over the district court that ordered incarceration and imposed sentencing.

The Complaint also failed to state a claim upon which relief can be granted. Plaintiff's August 20, 2014 Response refers to a "contract bond agreement" and the pleadings include bald assertions that Plaintiff has discharged his obligations as a debtor. But, the Complaint alleges no specific information to evidence any contract. For example, Plaintiff does not describe: the terms of any contract; the intention of the allegedly contracting parties; or their authority to bind the United States. The fact that, according to Plaintiff's May 16, 2014 Complaint, the alleged agreement relates to the abolition of the Gold Standard in 1933 indicates the inherent implausibility of any contract between Plaintiff and the United States. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'").

## IV. CONCLUSION.

For these reasons, the Government's July 14, 2014 Motion to Dismiss is granted. *See* RCFC 12(b)(1) and RCFC 12(b)(6). Accordingly, the Clerk of Court is directed to dismiss the May 16, 2014 Complaint.

**IT IS SO ORDERED.**

**SUSAN G. BRADEN**
**Judge**